IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 14-cr-00095-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TIM SCHWARTZ,

    Defendant.

---

### STATEMENT BY DEFENDANT IN ADVANCE OF PLEA OF GUILTY

---

    I acknowledge and certify that I have been advised of and understand the following facts and rights, that all representations contained in this document are true and correct, and that my attorney has assisted me as I have reviewed and completed this document.

    1.    The nature of the charge(s) against me has/have been explained to me by my attorney. I have had an opportunity to discuss with my attorney both the nature of the charge(s) and the elements which the government is required to prove.

    2.    I know that when the Court sentences me, the Court will consider many factors. These factors are listed in 18 U.S.C. § 3553 and include (a) the nature and circumstances of the offense and my personal history and characteristics, (b) the need for a sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford deterrence, protect the public, and provide me with needed training, care or correctional treatment in the most effective manner, (c) the

Court's Exhibit 2

kinds of sentences available to the court, (d) the advisory sentencing guidelines established by the U.S. Sentencing Commission, (e) the pertinent policy statements of the U.S. Sentencing Commission, (f) the need to avoid unwarranted sentence disparity among defendants with similar records who have been found guilty of similar conduct, and (g) the need to provide restitution. No single factor is controlling or determinative. I recognize that it is possible that the Court could, after considering these factors, impose any sentence in my case, including one which is as severe as the maximum term of imprisonment, the maximum fine, full restitution (if applicable), the maximum term of supervised release, and a special assessment, all as set out in paragraph 3 below.

3. I know that the following penalties may be imposed as a result of my guilty plea(s):

**Count One of the Indictment: Mailing Threatening Communications, a violation of 18 U.S.C. § 876(c).**

a. Imprisonment for a term of not more than 5 years;

b. A term of supervised release of not more than 3 years, pursuant to 18 U.S.C. § 3583;

c. A fine of not more than $ 250,000.00, pursuant to the statute that I admit I violated and/or the alternative fine schedule set out at 18 U.S.C. § 3571;

d. Restitution to the victim(s) of my crime(s) of not more than $ __n/a__ ___, pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664;

e. A special assessment of $ 100.00, pursuant to 18 U.S.C. § 3013;

4. ~~I know that if I am convicted of more than one count, the sentences imposed may be either concurrent (served at the same time) or consecutive (served separately or back-to-back) unless the statutory penalty for an offense of conviction expressly requires that a sentence be imposed to run consecutively.~~

5. I know that in addition to any punishment that the Court may impose, there are collateral consequences to pleading guilty to a crime. These consequences are neither imposed nor controlled by the Court. For example, pleading guilty may result in a loss of civil rights, including but not limited to the rights to possess firearms, vote, hold elected office, and sit on a jury. And, if I am not a citizen of the United States, these consequences may include deportation from the United States or indefinite confinement if there is no country to which I may be deported, denial of the right to enter the United States in the future, and denial of citizenship.

6. I know that if I am given a term of supervised release as a part of my sentence, that supervised release will only begin to run upon my release from custody on all terms of imprisonment imposed by this and any other courts. I understand that any violation of the conditions of that supervised release during its term may lead to an additional prison sentence and additional supervised release being imposed.

7. I know that there is no parole in the federal system and that I will be required to serve the entire sentence of imprisonment which may be imposed in my case, reduced only by such good time and/or program allowances as may be set by Congress and applied by the Bureau of Prisons.

8. I know that if a fine or restitution is imposed as a part of my sentence, I will be required to pay interest on any amount in excess of $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment or unless interest is waived by the Court.

9. I know that if a fine or restitution is imposed as a part of my sentence, I will be required to pay it in a timely manner. Failure to do so may trigger monetary penalties, collection efforts by the government, potential revocation of any probation or supervised release, and/or exposure to prosecution for "Criminal Default" under 18 U.S.C. § 3615.

10. I know that I can be represented by an attorney at every stage of the proceedings in this matter, and I know that, if I cannot afford an attorney, one will be appointed to represent me at no cost or expense to me.

11. I know that I have a right to plead "not guilty;" and I know that if I do plead "not guilty," I can persist in that plea and demand a trial.

12. I know that I have a right to and can demand a trial by jury, and I know that if I choose to stand trial:

   a. I have a right to the assistance of an attorney at every stage of the proceeding;

   b. I have a right to see and observe the witnesses who testify against me;

   c. My attorney can cross-examine all witnesses who testify against me;

d.     I can call and present such relevant witnesses and evidence as I desire, and I can obtain subpoenas to require the attendance and testimony of those witnesses;

e.     If I cannot afford to pay witness fees and expenses, the government will pay those fees and expenses, including mileage and travel expenses, and including reasonable fees charged by expert witnesses;

f.     I cannot be forced to incriminate myself and I do not have to testify at any trial;

g.     However, I can testify at my trial if I choose to, and I do not have to decide whether or not to testify until after I have heard the government's evidence against me;

h.     If I decide that I do not want to testify at trial, the jury will be told that no guilt or inference adverse to me may be drawn from my decision not to testify;

i.     In order for me to be convicted, the government must prove each and every element of the offense(s) with which I am charged, beyond a reasonable doubt;

j.     In order for me to be convicted, the jury must reach a unanimous verdict of guilty, meaning all jurors must agree that I am guilty; and

k.     If I were to be convicted, I could appeal both my conviction and whatever sentence the Court later imposed, and if I could not afford an appeal, the government would pay the cost of the appeal, including the cost of an appointed attorney.

13. I know that if I plead guilty, there will not be a trial of any kind.

14. I know that if I plead guilty, there will be no appellate review of the question of whether or not I am guilty of the offense(s) to which I have pled guilty.

15. I am aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Understanding this and in exchange for the concessions made by the government in this agreement, I knowingly and voluntarily waive the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following three criteria: (1) the sentence imposed is above the maximum penalty provided in the statute of conviction; (2) the Court, after determining the otherwise applicable sentencing guideline range, either departs or varies upward; or (3) the Court determines that the offense level is greater than that calculated by the parties below and imposes a sentence based upon that higher offense level determination. Except as provided above, I also knowingly and voluntarily waive the right to appeal the manner in which the sentence is determined on grounds set forth in 18 U.S.C. § 3742. I also knowingly and voluntarily waive my right to challenge this prosecution, conviction, or sentence and/or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255. This waiver provision, however, will not prevent me from seeking relief otherwise available if: (1) there is an explicitly retroactive change in the applicable guidelines or sentencing statute; (2) there is a claim that I was denied the effective assistance of counsel; or (3) there is a claim of prosecutorial misconduct. Additionally, if the government appeals the sentence imposed, I am released from this waiver provision.

16. No agreements have been reached and no representations have been made to me as to what the sentence in this case will be, except those which are explicitly detailed in the document entitled "Plea Agreement" which I and the government have signed. I further understand that any sentencing agreements and stipulations in the document entitled "Plea Agreement" are binding on the Court only if the parties ask the Court in that document to be so bound pursuant to Rule 11(c)(1)(C) and only if the Court agrees to be so bound when it accepts my guilty plea(s).

17. The only plea agreement which has been entered into with the government is that which is set out in the document entitled "Plea Agreement" which has been signed by the government and me and which I incorporate herein by reference.

18. I understand that the Court will make no decision as to what my sentence will be until a Presentence Report has been prepared by the Probation Department and received and reviewed by the Court.

19. I know that when I enter my plea(s) of guilty, the Court may ask me questions under oath about the offense(s) to which I have pled guilty. Such questions, if asked of me on the record and in the presence of my attorney, must be answered by me, and if I give false answers, I can be prosecuted for perjury.

20. I know that I have the right to ask the Court any questions that I have concerning my rights, these proceedings, and my plea(s) to the charge(s).

21. I am __45__ years of age. My education consists of __high school__. I [can] [cannot] understand the English language. (Circle either "can" or "cannot.") I am not taking any medications which interfere with my ability to understand the proceedings in this matter or which impact or affect my ability to choose whether to plead guilty.

22. Other than the promises of the government set out in the document entitled "Plea Agreement," no promises and no threats of any sort have been made to me by anyone to induce me or to persuade me to enter my plea(s) in this case.

23. No one has promised me that I will receive probation, home confinement or any other specific sentence desired by me because of my plea(s) of guilty.

24. I have had sufficient opportunity to discuss this case and my intended plea(s) of guilty with my attorney. I do not wish to consult with my attorney any further before I enter my plea(s) of guilty.

25. I am satisfied with my attorney. I believe that I have been represented effectively and competently in this case.

26. My decision to enter the plea(s) of guilty is made after full and careful thought, with the advice of my attorney, and with full understanding of my rights, the facts and circumstances of the case, and the potential consequences of my plea(s) of guilty. I was not under the influence of any drugs, medication, or intoxicants which affect my decision-making ability when I made the decision to enter my guilty plea(s). I am not now under the influence of any such drugs, medication or intoxicants.

27. I want to plead guilty and have no mental reservations about my decision.

28.  Insofar as it shows my conduct, the summary of facts set out in the document entitled "Plea Agreement" is true and correct, except as I have indicated in that document.

29.  I know that I am free to change or delete anything contained in this document and that I am free to list my objections and my disagreements with anything contained in the document entitled "Plea Agreement." I accept both documents as they are currently drafted.

30.  I wish to plead guilty to the following charge(s):

**Count One of the Indictment: Mailing Threatening Communications, a violation of 18 U.S.C. § 876(c).**

Dated this ___2___ day of ___Apr___, 2015.

_____
**TIM SCHWARTZ**
Defendant

I certify that I have discussed this statement and the document entitled "Plea Agreement" with the defendant. I certify that I have fully explained the defendant's rights to him or her and have assisted him or her in completing this form. I believe that the defendant understands his or her rights and these statements.

Dated this ___2___ day of ___April___, 2015.

_____
**DAVID E. JOHNSON**
Attorney for Defendant